IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MITSUI SUMITOMO INSURANCE CO., LTD. | § § § | |
| *vs*. | § § | C.A. NO. H – 19 – 2839 ADMIRALTY |
| PAN OCEAN CO., LTD. | | |

## *ORIGINAL COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Mitsui Sumitomo Insurance Co., Ltd. files this Original Complaint against Defendant Pan Ocean Co., Ltd., *in personam*, and for causes of action respectfully will prove by a preponderance of the credible evidence:

1. This action arises from damage and loss to maritime cargos, a maritime tort and/or breach of a maritime contract. Accordingly, the Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. §1333(1).

2. Plaintiff is a Japanese corporation with its principal place of business in Tokyo, Japan.

3. At all times material, Plaintiff insured Toyota Tsusho America, Inc. ("TTAI") and/or the cargos.

4. Plaintiff paid TTAI for the loss of the cargos under an insurance policy and/or is contractually and/or equitably subrogated to TTAI's interest in the cargos.

5. Plaintiff brings this action for itself and, as necessary, for every person or entity that is or may become interested in the cargos.

6. On information and belief and at all times material, Defendant owned, chartered, managed and/or operated the M/V DORIC SPIRIT as a common carrier of goods by water for hire between various ports, including the Ports of Ho Chi Minh City, Vietnam and Houston.

7. On information and belief, Defendant is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargos aboard a vessel or vessels to and from Texas, operating and/or managing a vessel or vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.

8. On information and belief, Defendant is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas.

9. Alternatively, although Defendant may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and, on information and belief, Defendant has sufficient national

minimum contacts with the United States as a whole.

10. The exercise of personal jurisdiction over Defendant is consistent with the Constitutions and other laws of the United States and Texas.

11. Accordingly, serving Defendant with a summons is effective to establish personal jurisdiction over it.

12. Defendant can be served by serving the Texas Secretary of State.

13. Process or notice can be sent to Defendant at its home office at 98, Huam–Ro, Jung–gu, Seoul, 100–958, South Korea.

14. On or about June 6, 2017, TTAI's shipper tendered in good order and condition to Defendant and the M/V DORIC SPIRIT at Ho Chi Minh City cargos of ERW Carbon Steel Pipes.

15. Defendant agreed safely to receive, handle, load, stow, secure, carry, discharge and deliver at Houston the cargos in the same good order and condition as when received, in consideration of paid freight charges.

16. Defendant acknowledged receipt of the cargos in good order and condition, and accordingly therewith, issued at Ho Chi Minh City various bills of lading, including Bills of Lading Nos. POBUSGNHOU170551, 170552 and 170553, all free of exceptions or other notations for loss or damage, and loaded the cargo aboard the M/V DORIC SPIRIT.

17. On or about August 3, 2017, the M/V DORIC SPIRIT arrived at Houston where Defendant later discharged the cargos, not in the same good order and condition

as when received but, on the contrary, much of the cargos was dented, bent, bowed, nicked, gouged, smashed, crushed, out of round, flattened, compressed, chafed, stained, rusted, corroded, contaminated, scratched and/or otherwise physically damaged.

18. The loss and Plaintiff's damages in this action proximately resulted from Defendant's acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire.

19. Plaintiff proximately has sustained damages exceeding $23,408.71 plus interest dating from June 6, 2017, demand for which has been made upon Defendant but which it refuses to pay.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Mitsui Sumitomo Insurance Co., Ltd. prays that this Honorable Court adjudge that Defendant Pan Ocean Co., Ltd., *in personam*, is liable to Plaintiff for its alleged damages, pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

Respectfully submitted,

*SHARPE & OLIVER, L.L.P.*

By _____

    Robert C. Oliver
    State Bar No. 15255700
    S. D. Texas No. 886
    5535 Memorial Drive, No. F570
    Houston, Texas 77007
    Telephone:   (713) 864–2221
    Facsimile:   (713) 864–2228
    Email:   macknife@macknife.net

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

ATTORNEYS   FOR   PLAINTIFF